# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE SIMMS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 07-966** |
| **N. BURL CAIN, et al.** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Before the Court is Petitioner Dwayne Simms's ("Petitioner") motion for "Writ of Mandamus."[1] Petitioner, a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, filed the instant motion, wherein he requests that the Court release him from prison.[2] The State of Louisiana opposes the motion, asserting that Petitioner is not entitled to relief.[3] Having considered the motion, the opposition, the reply, the record, and the applicable law, for the reasons that follow, the Court will deny the motion.

## I. Background

On November 3, 2000, Petitioner was charged by Bill of Information in the 24th Judicial District Court, Parish of Jefferson with four counts of armed robbery in violation of Louisiana Revised Statute § 14:64.[4] On December 19, 2002, following a jury trial, Petitioner was found guilty as charged.[5] On January 10, 2003, Petitioner was sentenced on each count to a term of 99 years imprisonment without benefit of probation, parole, or suspension of sentence, and it was ordered

---

[1] Rec. Doc. 33.

[2] *Id.*

[3] Rec. Doc. 36.

[4] Rec. Doc. 36-1.

[5] Rec. Doc. 36-2.

that the sentences run concurrently.[6] On April 1, 2003, Petitioner was found to be a habitual offender and was resentenced as such on Count One of the Bill of Information to a concurrent term of 110 years imprisonment.[7] On July 27, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[8] The Louisiana Supreme Court denied Petitioner's related writ application on May 20, 2005.[9]

On or about February 8, 2006, Petitioner filed an application for post-conviction relief in the state trial court, which was denied on February 16, 2006.[10] His related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on March 17, 2006,[11] and the Louisiana Supreme Court on January 12, 2007.[12]

On January 19, 2007, Petitioner filed a federal habeas corpus petition in this Court.[13] On February 8, 2008, United States Magistrate Judge Sally Shushan issued a Report and Recommendation recommending that partial habeas corpus relief be granted with respect to Petitioner's conviction as to Count Two, and she recommended denying relief as to the remaining convictions in Counts One, Three, and Four.[14] On March 4, 2008, United States District Judge Lance Africk issued an Order adopting the Report and Recommendation.[15] The same day, Judge

---

[6] Rec. Doc. 36-3.

[7] Rec. Doc. 36-4.

[8] *State v. Falkins, et al.*, 04-KA-250 (La. App. 5 Cir. 7/27/04); 880 So.2d 903.

[9] *State ex rel. Simms v. State*, 04-KH-2171 (La. 5/20/05); 902 So.2d 1045.

[10] *See* Rec. Doc. 17 at 2.

[11] *Simms v. Cain*, 06-KH-172 (La. App. 5 Cir. 3/17/06).

[12] *State ex rel. Simms v. State*, 06-KH-1321 (La. 1/12/07); 948 So.2d 143.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 19.

Africk entered a Judgment granting the petition with respect to Petitioner's conviction on Count Two for the armed robbery of Kenyatta Bush, denying federal habeas corpus relief with respect to Petitioner's remaining convictions and dismissing the petition with prejudice.[16] Petitioner subsequently filed a notice of appeal to the United States Fifth Circuit Court of Appeal,[17] and on February 5, 2009, the Fifth Circuit denied Petitioner's request for a Certificate of Appealability.[18]

On August 7, 2017, Petitioner filed the instant motion for a "Writ of Mandamus."[19] On August 10, 2017, the case was reassigned to this section of the Court.[20] On August 14, 2017, the State filed an opposition to the motion.[21] On August 29, 2017, Petitioner filed a reply brief in further support of the motion.[22]

## II. Parties' Arguments

### A. *Petitioner's Arguments in Support of Motion*

Petitioner moves the Court to issue a writ of mandamus pursuant to 28 U.S.C. § 1361.[23] Petitioner asserts that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[24] Petitioner notes that on March 4, 2008, he was granted

---

[16] Rec. Doc. 20.

[17] Rec. Doc. 21.

[18] Rec. Doc. 30.

[19] Rec. Doc. 33.

[20] Rec. Doc. 34.

[21] Rec. Doc. 36.

[22] Rec. Doc. 40.

[23] Rec. Doc. 33 at 1.

[24] *Id.*

federal habeas relief with respect to his conviction for the armed robbery of Kenyatta Bush.[25] He contends that no action has been taken by the state trial court.[26] Therefore, he requests that this Court "order petitioner free from prison based on the (9) nine years of no action" and to grant him "some compensation."[27]

### B.     *The State's Arguments in Opposition to Motion*

In opposition, the State contends that this Court does not have jurisdiction to issue a writ of mandamus in this action.[28] The State notes that "[u]nder 28 U.S.C. § 1361, district courts have 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff.'"[29] However, the State asserts that Petitioner is not moving this Court to compel a federal officer or employee to perform a function, but instead Petitioner is moving this Court to order the state trial court to release him from state confinement.[30] Therefore, the State contends that "28 U.S.C. §1361 does not give this Court the jurisdiction to order the state court to act in the manner petitioner is requesting."[31]

Moreover, the State contends that Petitioner "is not entitled to relief based upon the merits of his claim."[32] Petitioner asserts that "this is a frivolous pleading, in that the petitioner

---

[25] *Id.* at 2.

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 36 at 4.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 4–5 (citing *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681–82 (9th Cir. 1966)).

[32] *Id.* at 5.

misrepresents the extent of habeas corpus relief which was granted in 2008."[33] The State notes that habeas relief was granted only as to Petitioner's conviction on Count Two for armed robbery of Kenyatta Bush, and habeas corpus relief was denied as to Counts One, Three, and Four.[34] Accordingly, the State contends that Petitioner convictions with regards to Counts One, Three, and Four still stand, "[a]nd, as such, petitioner's sentences still stand."[35]

The State asserts that a review of the state trial court record reveals that Petitioner "is fully aware that his remaining convictions and sentences are still valid and that he is properly incarcerated."[36] The State notes that on October 17, 2008, Petitioner filed a pro se "Motion to Clarify Order," in the state trial court, requesting clarification on the impact of the March 4, 2008 federal judgement upon his state convictions and sentences.[37] According to the State, in that motion, Petitioner alleged that "his habitual offender adjudication and sentence should have been vacated, as the conviction vacated by the federal [court] was the same conviction used by the state courts to enhance his sentence under Louisiana's Habitual Offender Law."[38] The State cites an order dated December 8, 2008, wherein the state trial court found that the conviction vacated by the federal court concerned Count Two, but that the conviction used by the state trial court to enhance his sentence pursuant to the Habitual Offender Law was Count One.[39] The State also notes that the state trial court set a hearing for the clarification of sentence.[40] Following a hearing, where

---

[33] *Id.* at 5–6.

[34] *Id.* at 6.

[35] *Id.*

[36] *Id.*

[37] *Id.* (citing Rec. Doc. 36-6).

[38] *Id.* at 6–7 (citing Rec. Doc. 36-6).

[39] *Id.* at 7 (citing Rec. Doc. 36-7).

[40] *Id.* (citing Rec. Doc. 36-7).

Petitioner was represented by counsel, the State notes that Petitioner withdrew the motion for clarification of sentence.[41] Finally, the State notes that on April 16, 2009, Petitioner filed a pro se "Motion and Order for Rehearing, on Motion to Clarify Order" in the state trial court,[42] which was denied on April 29, 2009.[43]

For these reasons, the State contends that Petitioner "does not have a right to be released from state custody or to receive compensation from the State of Louisiana."[44] Because "[t]he partial habeas relief granted in 2008 only vacated petitioner's conviction and sentence with regard to Count Two," the State contends that Petitioner "still has to serve his remaining sentences" and is not entitled to relief.[45]

### C. *Petitioner's Arguments in Further Support of Motion*

In the reply brief, Petitioner repeats his assertion that he is entitled to relied under 28 U.S.C. § 1361.[46] Petitioner contends that the State's response fails to answer whether any action was taken by the 24th Judicial District Court after Petitioner was granted federal habeas relief with respect to Count Two.[47] Petitioner asserts that the State has failed to show that any relief was provided by the state trial court after Petitioner was granted federal habeas relief.[48]

---

[41] *Id.* (citing Rec. Doc. 36-9).

[42] *Id.* (citing Rec. Doc. 36-10).

[43] *Id.* (citing Rec. Doc. 36-11).

[44] *Id.* at 8.

[45] *Id.*

[46] Rec. Doc. 40 at 1.

[47] *Id.* at 2.

[48] *Id.*

### III. Law and Analysis

*A.     Applicable Law*

The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[49] The Fifth Circuit has recognized that "[t]he test for whether jurisdiction [pursuant to the Mandamus Act] is whether mandamus would be an appropriate means of relief."[50] "Three elements must exist before mandamus can issue: (1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available."[51] Moreover, the Fifth Circuit has determined that federal district courts "lack[] jurisdiction under § 1361 to compel state officials to perform their official duties."[52]

*B.     Analysis*

In the instant motion, Petitioner moves this Court to issue a writ of mandamus, ordering his release from state confinement, because he contends that the state trial court did not take any action in his state criminal case after Petitioner was granted federal habeas relief with respect to his conviction for the armed robbery of Kenyatta Bush.[53] Under 28 U.S.C. § 1361, the Court has jurisdiction over an action seeking to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. However, this Court lacks jurisdiction under

---

[49] 28 U.S.C. § 1361.

[50] *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.1980).

[51] *Id.*

[52] *Barnett v. Louisiana*, 624 F. App'x 218, 219 (5th Cir. 2015) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973)).

[53] Rec. Doc. 33 at 1.

28 U.S.C. § 1361 to compel state officials to perform their official duties.[54] Therefore, this Court does not have jurisdiction to issue a writ of mandamus directing that the State release Petitioner from state confinement.

Furthermore, Petitioner has not shown that he is entitled to relief on any other basis. As the Supreme Court recognized in *Preiser v. Rodriguez*, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[55] However, prevailing in a federal habeas corpus proceeding does not always imply that a petitioner will be entitled to release from custody.[56] In this case, Petitioner has obtained federal habeas relief with respect to his conviction on Count Two for the armed robbery of Kenyatta Bush.[57] However, federal habeas relief was denied with respect to Petitioner's convictions on Counts One, Three, and Four.[58] Petitioner's convictions and sentences for Counts One, Three, and Four remain in effect. Petitioner is currently serving concurrent terms of imprisonment of 110 years with respect to Count One, 99 years with respect to Count Three, and 99 years with respect to Count Four. Accordingly, although the State recognizes that Petitioner's conviction with respect to Count Two was vacated,[59] Petitioner has not demonstrated any basis upon which he is entitled to release from imprisonment.

---

[54] *Barnett*, 624 F. App'x at 219.

[55] 411 U.S. 475, 500 (1973).

[56] *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (citing Ex parte Hull, 312 U.S. 546 (1941) ("this Court has held that a prisoner whose first-sentence parole was revoked upon a second conviction could challenge the second conviction in a habeas corpus proceeding though he would not be released if he prevailed."))).

[57] Rec. Doc. 20.

[58] *Id.*

[59] Rec. Doc. 36 at 7 (citing Rec. Doc. 36-7).

## IV. Conclusion

For the foregoing reasons, this Court does not have jurisdiction to issue a writ of mandamus directing that the State release Petitioner from state confinement. Furthermore, Petitioner has not shown that he is entitled to relief on any other basis. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for "Writ of Mandamus"[60] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __7th__ day of September, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[60] Rec. Doc. 33.